IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYNE MILLER, *on behalf of himself and all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-538-RP |
| MV TRANSPORTATION, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to File Amended Collective Action Complaint. (Dkt.12). Having considered the parties' arguments, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") action concerning overtime compensation for employees of Defendant MV Transportation, Inc. ("MVTI"), which provides services to Austin's Capital Metro. (Compl., Dkt. 1, at 1). Plaintiff Wayne Miller ("Miller") alleges that he and similarly situated employees were denied overtime because MVTI shaved their time. (*Id.* at 4).

Miller filed his complaint on June 26, 2018. (*Id.*). MVTI answered on August 22, 2018, (Dkt. 6), after which Miller sought to amend his complaint by way of the instant motion on November 8, 2018, (Dkt. 12). Miller's proposed amended complaint adds allegations that MVTI denied overtime compensation by docking employees for time spent at lunch even when they worked through lunch. (Prop. Am. Compl., Dkt. 12-1, at 4). Because of the timing of the proposed amendment and because MVTI does not consent to the amendment, Miller must receive the Court's leave. *See* Fed. R. Civ. P. 15(a)(1), (2). Miller filed his motion for leave before the Court held the initial pretrial conference and

1

entered a scheduling order. (Dkts. 20, 21). The deadline to file amended pleadings is April 30, 2019, and the discovery deadline is September 30, 2019. (Dkt. 21). As of January 14, 2019, the parties had not yet conducted a Rule 26(f) conference, and MVTI opposes doing so until the resolution of Miller's motion for leave. (Dkt. 24-1).

## II. LEGAL STANDARD

Where, as here, a party seeks leave to amend more than 21 days after serving its pleading, service of a responsive pleading, or service of a motion under Rules 12(b), (e), or (f), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

## III. DISCUSSION

In opposing Miller's motion for leave, MVTI argues that Miller should have known about the alleged lunch-docking scheme when he filed his original complaint four months before seeking leave to amend. (Resp. Mot. Leave, Dkt. 17, at 2). MVTI states that because Miller provides no justification for the four-month delay in his motion for leave, the motion should be denied as dilatory. (*Id.* at 3). MVTI says that it will be prejudiced by having to engage in additional discovery to investigate these new allegations. (*Id.* at 4–5). Miller replies that he first learned about the alleged

2

lunch docking after talking to a witness on October 30, 2018. (Reply Mot. Leave, Dkt. 18, at 2; Welmaker Decl., Dkt. 18-1).

MVTI does not suggest that Miller's delay was motivated by bad faith; its objections lie in undue delay and prejudice. As the nonmoving party, MVTI has the burden to prove undue delay. *See Thomas as Tr. of Performance Products Inc. v. Hughes*, 5:16-CV-951-DAE, 2018 WL 2996901, at *4 (W.D. Tex. Feb. 22, 2018); *Dussouy*, 660 F.2d at 598 n.2. The Fifth Circuit cautions that the "mere passage of time need not result in refusal of leave to amend," and that amendment "can be appropriate as late as trial or even after trial." *Dussouy*, 660 F.2d at 598. When a party files a motion to amend before the court-ordered deadline, there is a presumption of timeliness that the nonmovant must rebut to show undue delay. *Sabre, Inc. v. Lyn-Lea Travel Corp.*, CIV.A. 3:96-CV-2068R, 2003 WL 21339291, at *5 (N.D. Tex. June 5, 2003); *see also Poly-Am., Inc. v. Serrot Intern. Inc.*, CIV. A. 3:00-CV-1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) ("The court in entering its scheduling order presumptively determined that a motion filed before the deadline for seeking amendments to pleadings would not be deemed dilatory."). MVTI has made no showing to overcome the presumption of timeliness. Its only basis for deeming Miller's motion dilatory is that he lacks any justification at all for waiting several months to seek this amendment. (Resp. Mot. Leave, Dkt. 17, at 2–3). Miller's reply provides an adequate justification. (Reply Mot. Leave, Dkt. 18, at 2; Welmaker Decl., Dkt. 18-1).

Likewise, the Court finds that MVTI will not be unduly burdened by permitting amendment at this early stage in the litigation. "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). The parties have not even yet begun discovery. The deadline for dispositive motions does not arrive until this

3

December, and trial is more than a year away. (Dkt. 21). The Court does not find that the expense of conducting additional discovery, when none has yet been done, is unduly prejudicial. Moroever, Miller's proposed amendment does not "fundamentally alter the nature" of this case; it advances an alternative theory of recovery on similar and related facts. *Mayeaux*, 376 F.3d at 427. Amendments are generally permitted in such circumstances. *Id.*

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Miller's Opposed Motion for Leave to File Amended Collective Action Complaint, (Dkt.12), is **GRANTED**. The Clerk of the Court shall docket the amended pleading attached as an exhibit to Miller's motion. (Dkt. 12-1).

**SIGNED** on January 18, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE