UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYNE MILLER, ON BEHALF OF HIMSEL AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> MV TRANSPORTATION, INC., <br><br> DEFENDANT | § § § § § § § § § § § § § § | CA 1:18-cv-538-RP |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Wayne Miller ("Plaintiff" or "Miller"), on behalf of himself and all others similarly situated, files this First Amended Collective Action Complaint against Defendant MV Transportation, Inc. ("Defendant" or "MVTI").

## I. PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). MVTI contracts with Capital Metro in Austin, Texas to provide services to Capital Metro. Miller was employed by MVTI in its maintenance department as a parts manager. MVTI employed Miller from October 1, 2015 through March 2, 2018.

1.2   Miller was a non-exempt employee and was paid on an hourly basis.

1.3   Throughout his employment, MVTI would shave or reduce Miller's reported hours. MVTI would also dock Miller thirty minutes per day for lunch even though no lunch was taken. Both of these actions resulted in underpayment of both Miller's regular and overtime hours.

1.4     Wayne Miller, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, MVTI willfully committed violations of the FLSA by 1) shaving or reducing the hours of its hourly, non-exempt maintenance employees and 2) deducting 30 minutes of pay per day for "lunch" from these same employees, even when they worked through lunch.  Both actions were taken by Defendant to minimize or eliminate its obligations to pay such employees overtime compensation when they worked over forty hours in a week.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over MVTI because this entity conducts business in Texas and has entered into a relationship with Miller in Texas and has committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III.   PARTIES

**A.   Plaintiff**

3.1   Wayne Miller is an individual residing in Austin, Travis County, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.   Defendant**

3.2   MVTI is a foreign corporation formed and existing under the laws of the State of California and maintains and operates its principal office in Dallas, Texas.

3.3   MVTI was an employer of Miller and those similarly situated as defined by 29 U.S.C. §203(d).

3.4   MVTI has already made an appearance in this matter.

### IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, MVTI had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, MVTI has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, MVTI employed "employees", including Miller and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, MVTI employed two or more persons in interstate commerce.

4.6   At all relevant times, MVTI has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Miller and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for MVTI.

4.8     At all relevant times, MVTI has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     MVTI contracts with Capital Metro in Austin Texas to provide services to Capital Metro.

5.2     MVTI employed Miller as a parts manager during the three-year period preceding the filing of this Complaint.

5.3     MVTI paid Miller and those similarly situated on an hourly basis, but would shave the hours reflected on their time cards to avoid and/or minimize payment of overtime compensation. MVTI would also dock Miller and those similarly situated thirty minutes per day for lunch even though they worked through lunch.

5.4     Miller and those similarly situated consistently worked over forty hours per week.

5.5     Miller and those similarly situated were non-exempt employees.

5.6     As a result of its time shaving and lunch docking scheme, MVTI failed to pay Miller and those similarly situated for all overtime hours worked.

5.7     MVTI maintained control, oversight, and direction over its operations, including employment practices.

5.8     MVTI maintained and exercised the power to hire, fire, and discipline Miller and those similarly situated during their employment with MVTI.

5.9     Miller and those similarly situated were required to comply with MVTI's policies and procedures in performing their work during their employment with MVTI.

5.10    At all times relevant hereto, MVTI knew of, approved of, and benefited from the regular and overtime work of Miller and those similarly situated.

5.11    MVTI did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.12    MVTI's actions were willful and in blatant disregard for the federally protected rights of Miller and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of MVTI that is in violation of the FLSA.  Miller is aware that the illegal practices and policies of MVTI have been imposed on other workers.

6.2    Miller brings his claim for relief on behalf of all hourly, non-exempt maintenance employees whose time was unlawfully shaved and/or whose time was automatically deducted thirty minutes in pay per day for "lunch" by MVTI at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    MVTI paid Miller and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.  However, MVTI did not pay Miller or the Collective Class overtime compensation for all hours worked over forty per week.

6.4     Though their job titles may vary, the members of the Collective Class were all subjected to MVTI's time shaving and lunch docking scheme.

6.5    Miller's experiences are typical of the experiences of other similarly situated employees.

6.6    MVTI's operations with respect to Miller and the Collective Class and wages paid to Miller and the Collective Class are substantially similar, if not identical.

6.7     MVTI's pattern of shaving time and docking employees 30 minutes for lunch to avoid its overtime obligations as mandated under the FLSA results from MVTI's general application of policies and practices, and does not depend on the personal circumstances of the Miller and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Miller files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Miller brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Miller brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of MVTI.

6.10    Miller requests that MVTI identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Miller seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Miller's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Miller will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     Miller and all others similarly situated are hourly, non-exempt maintenance employees.

7.3     As non-exempt employees under the FLSA, if Miller and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4     Over the course of the relevant period, Miller and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Miller and all others similarly situated worked in excess of forty hours per week, MVTI failed to pay them an overtime compensation for all hours worked in excess of forty per week.

7.6     MVTI has violated 29 U.S.C. § 201 *et seq*. by failing to pay Miller and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7     In further violation of the FLSA, MVTI has failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Miller and all others similarly situated.

7.8     No excuse, legal justification or exemption excuses MVTI's failure to pay Miller and all others similarly situated overtime compensation for all hours worked over forty in a workweek.

7.9     MVTI has failed to make a good faith effort to comply with the FLSA. Instead, MVTI knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.10    Miller and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Wayne Miller and all others similarly situated respectfully pray that Defendant MV Transportation, Inc. be cited to appear, and that, upon trial of this matter, Miller and the Collective Class recover the following against MV Transportation, Inc.:

a.   Actual damages for the full amount of their unpaid overtime compensation;

b.   Liquidated damages in an amount equal to their unpaid overtime compensation;

c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**

8