IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYNE MILLER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br>　　　Plaintiff<br>vs.<br>MV TRANSPORTATION, INC.,<br>　　　Defendant. | § § § § § § § § § § § | NO. 1:18-CV-00538-RP |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Wayne Miller and opt-in Party-Plaintiffs Timothy Davis, Gordon Quinn, Robert Matthewson, Nicholas Ortiz, and Jacki Peck (Plaintiff and Party-Plaintiffs are referred to as "Plaintiffs"), and Defendant MV TRANSPORTATION, INC. ("Defendant"), the Parties to the above captioned lawsuit, file this Joint Motion for Approval of Settlement Agreement, and respectfully state as follows:

### I.    INTRODUCTION

As the Parties have previously notified the Court, this matter has been settled through negotiations. The settlement encompasses all claims of the named Plaintiff as well as the five opt-ins to the settlement. The terms of the settlement are memorialized in the confidential Settlement Agreement ("Settlement Agreement") that is being filed under seal concurrently herewith as an exhibit to the Joint Motion to File Confidential Settlement Agreement Under Seal.

The Settlement Agreement provides that the named and opt-in Plaintiffs will receive compensation for unpaid overtime compensation to be paid to the Plaintiffs in differing amounts, depending on the number of weeks each Plaintiff worked. The named Plaintiff will also receive a service award, which award does not impact the amounts payable to the potential opt-in Plaintiffs.

"The general rule establishes that FLSA claims (for unpaid overtime, in this case) cannot be waived." *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 164 (5th Cir. 2015), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-08 (1945). Where, as here, the litigation arises from a private enforcement action under Section 216(b) of the FLSA, a district court may approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties over FLSA disputes. *Id.; Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). The Court should readily conclude that the standard for approval of this FLSA settlement is satisfied.

## II.   SUMMARY OF THE LITIGATION

Plaintiff filed this action on June 27, 2018, alleging violations of the FLSA's overtime provisions, and contending that he was not properly paid for all of his working time under the FLSA. The Complaint contemplated a collective action under the FLSA. The Plaintiff filed a motion to conditionally certify a collective action soon thereafter. Plaintiff sought to recover unpaid overtime wages, liquidated damages, attorneys' fees and court costs. Defendant denied that it had improperly paid Plaintiff, and denied that Plaintiff was entitled to any additional compensation or other relief. On May 14, 2019, the Court granted Plaintiffs' Motion for Conditional Certification, and subsequently five Plaintiffs opted in.

Subsequently, the Parties agreed, through counsel, to engage in good faith settlement negotiations. The Parties' counsel engaged in arms-length settlement discussions. During the course of those discussions, Defendant produced to Plaintiffs' counsel information regarding each Plaintiff. That information included compensation, length of employment, and the location of the warehouse in which each such person worked.

Throughout negotiations, both Parties' counsel vigorously represented the interests of their clients.

## III.   AUTHORITY AND ANALYSIS

### A.   FLSA Settlements Generally Require Court Approval.

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, generally prohibits employers and employees from agreeing to less than time and a half for all hours worked after 40 in a workweek. It is generally recognized that purely private settlements of FLSA compensation and liquidated damages claims are unenforceable. *Bodle,* 788 F.3d at 164; *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-54; *but see Martin v. Spring Break '83 Productions, L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012)(excepting from the general rule "unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed," as discussed in *Bodle*, 788 F.3d at 164.)

Accordingly, wage claims arising under the FLSA are typically settled or compromised in one of two ways. First, under Section 216(c) of the Act, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment thereby waives his right to bring suit for both the unpaid wages and for liquidated damages. *Bodle*, 788 F.3d at 164, *citing and quoting Lynn's Food Stores*, 679 F.2d. at 1355. Second, in a private enforcement action under Section 216(b) of the Act, the district court may approve a settlement reached as a result of contested litigation to resolve a *bona fide* dispute between the parties over FLSA disputes. *Id.* When the latter option is proposed, as it is here, the court may enter a stipulated judgment, "after scrutinizing the settlement for fairness." *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

Thus, the court's inquiry as to the fairness of an FLSA settlement arising from a private enforcement action is two-staged. First, the court considers whether the settlement was the product of "contested litigation." Second, the court inquires as to whether the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the parties over FLSA disputes. Typically, courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

### B.   The Proposed Settlement Is the Product of Contested Litigation.

There is no question that the proposed settlement is the product of contested litigation. The Parties have engaged in significant investigation of the FLSA claims at issue, and of the unpaid work hours which the Plaintiffs have claimed. In addition to the Parties' extensive factual investigation, the Parties also undertook considerable legal analysis of the various issues implicated in this case.

Prior to and during the negotiations, the Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in the case. Accordingly, the Court should readily conclude that the proposed settlement was the product of contested litigation.

### C.   The Proposed Settlement Reflects a Fair and Reasonable Resolution of a *Bona Fide* Dispute Between the Parties over Alleged FLSA Violations.

The second prong of the Court's settlement approval inquiry focuses on two issues. The first issue is confirming the existence of a *bona fide* dispute between the Parties under the FLSA. The second issue involves examination of the fairness and reasonableness of the proposed

4

settlement. As explained below, the Court should readily conclude that both issues implicated by this second prong of the Court's settlement approval inquiry are satisfied.

### 1. A *Bona Fide* Dispute Between the Parties Existed over Alleged FLSA Violations.

Plaintiffs alleged that Defendant violated the FLSA's overtime requirements shaving their hours and by auto-deducting Plaintiffs' lunch time, thus failing to pay them for all of their hours worked. Defendant denied these allegations and countered that the Plaintiffs were properly paid, and that all hours Plaintiffs worked were paid. Accordingly, the Court should readily conclude that a *bona fide* dispute between the Parties existed over the existence and extent of any alleged FLSA violation.

### 2. The Proposed Settlement Is Fair and Reasonable.

#### a. The Proposed Settlement Is Entitled to a Presumption of Fairness.

The proposed settlement was the result of arm's length negotiation by experienced and capable attorneys on both sides. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694, 700 (E.D. Mo. 2002)("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Moreover, the public policy in favor of settlements, particularly in complex cases where substantial resources can be conserved by avoiding the time, cost and rigor of protracted litigation,

further supports a presumption of fairness in this case. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation), *citing Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977); *see also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999)("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

Accordingly, this Court should, at the outset, conclude that the proposed settlement enjoys a presumption of fairness.

### b. The Settlement Is Fair and Reasonable.

Consideration of the relevant factors confirms that the proposed settlement is fair and reasonable.

#### (1) Substantial Obstacles Exist if Litigation Continues, and the Settlement Offers Substantial, Immediate Relief.

As outlined above, the Parties vigorously disagree about the merits of Plaintiffs' claims and the viability of Defendant's defenses. If the litigation were to continue, Plaintiffs would not be entitled to recover anything unless Defendant were unsuccessful in establishing its defenses. Even if Plaintiffs cleared that hurdle, the amount of any recovery would still be very much in doubt, and would turn in part on the number of hours established through the presentation of uncertain records and conflicting testimony. The substantial benefits that will be received by the Plaintiffs immediately and made certain by the settlement is a significant factor weighing in favor of the Court's approval of the proposed settlement. *See In re Bankamerica Corp. Securities Litigation*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after

protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.") (internal quotations omitted)).

### (2) Plaintiffs' Counsel and the Named Plaintiff Support the Settlement.

After extensive negotiations which have included the sharing of information and documents, Plaintiffs' counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed settlement. Based on their knowledge of the case and the applicable law, as well as their experience in similar FLSA actions, all counsel believe the settlement is fair, reasonable and adequate. "Although the Court is not bound by counsels' opinion, their opinion is nonetheless entitled to great weight." *In re BankAmerica*, 210 F.R.D. at 702. The named Plaintiff also has approved the settlement after meeting with counsel, having the settlement explained in great detail, and having the opportunity to have all of their questions answered. All of these factors favor approval of the settlement.

Where, as here, the settlement reflects a fair and reasonable resolution of a *bona fide* dispute, this Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Finally, the amount of fees and costs that Defendant has agreed to pay Plaintiffs are significantly lower than the recoverable lodestar amount of attorney's fees incurred in this case.[1]

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant approval to the proposed FLSA settlement.

---

[1] Plaintiffs are willing to submit their fee and costs records for Court review, should the Court request it.

Pursuant to this Court's Order [Doc. 59], a copy of the Settlement Agreement is being filed under seal concurrently herewith as an exhibit to the Joint Motion to File Confidential Settlement Agreement Under Seal.

Wherefore, the Parties respectfully request that the Court approve the Settlement Agreement.

Dated:  July 29, 2020.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */s/ Douglas B. Welmaker (w/ permission)*<br>Douglas B. Welmaker<br>Texas State Bar No. 00788641 | */s/ Robert F. Friedman*<br>Robert F. Friedman<br>Texas State Bar No. 24007207<br>Jonathan G. Rector<br>Texas State Bar No. 24090347 |
| **MORELAND VERRETT, P.C.**<br>The Commissioners House at Heritage Square<br>2901 Bee Cave Road, Box L<br>Austin, TX 75746<br>512.782.0567<br>512.782.0605 (Fax)<br>doug@morelandlaw.com | **LITTLER MENDELSON, P.C.**<br>2001 Ross Avenue<br>Suite 1500, Lock Box 116<br>Dallas, TX 75201.2931<br>214.880.8100<br>214.880.0181 (Fax)<br>rfriedman@littler.com<br>jrector@littler.com |
| ATTORNEY FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT<br>MV TRANSPORTATION, INC. |

4818-8126-1765.2 072247.1130