IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYNE MILLER, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-538-RP |
| MV TRANSPORTATION, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are the parties' motions asking the Court to approve their settlement agreement, (Mot. Approve, Dkt. 61), and file the settlement under seal, (Sealing Request, Dkt. 60). The parties contend that they have reached a "fair and reasonable" settlement, (Dkt. 61, at 6), but insist that confidentiality is "of utmost importance and a material inducement" to the settlement agreement (Dkt., 60, at 2). After reviewing the parties' motions and the relevant law, the Court will grant the motion to approve the settlement and grant in part the motion to seal the settlement agreement.

**I.   Background**

Plaintiff Wayne Miller ("Miller") filed this "collective action" on June 27, 2018, alleging violations of the Fair Labor Standards Act of 1938's ("FLSA") overtime wage provisions on behalf of himself and others who work as hourly maintenance employees for Defendant MV Transportation, Inc. ("MV Transportation"). (Compl., Dkt. 1; Am. Compl., Dkt. 27, at 5). MV Transportation denies that it improperly paid Miller or any other hourly employee, or that it violated the FLSA. (Am. Answer, Dkt. 30, at 2). The Court granted in part Miller's Motion for Conditional Certification, (Mot. Certify Class, Dkt. 16), on May 14, 2019, which certified a collective of "[a]ll current and former maintenance employees who were treated by Defendant as FLSA non-exempt

1

and who worked for Defendant's UT Shuttle Division in Austin, Texas []" (together, "FLSA Plaintiffs"). (Order, Dkt. 40, at 15). After five other plaintiffs opted-in, (Dkt. 52), the parties' agreed to engage in settlement negotiations.

The parties first alerted the Court that they had reached a settlement in principle on April 10, 2020. (Notice, Dkt. 54). The parties filed their motion to file their finalized settlement under seal on July 29, 2020, attaching the settlement agreement itself. (Sealing Request, Dkt. 60; Settlement Agreement, Dkt. 60-1). That same day, the parties filed their joint motion for approval of their settlement agreement. (Mot., Dkt. 61). On October 65, the parties filed a request for a hearing on the settlement agreement to "address any issues this Court may have regarding the settlement and pleadings filed in connection with settlement." (Dkt. 65). The Court finds that a hearing is unnecessary and addresses the parties' motions below.

## II.  Discussion

### A.  Motion to Seal

The Court first considers the parties' request to seal the settlement agreement. "In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (quoting *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) "[T]he overwhelming consensus of district courts that have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Id.* (quoting *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011)). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring

that employees' wages are fair. Absent an extraordinary reason, the court cannot seal such records." *Id.* (quoting *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009)).

The parties contend that confidentiality is a "material term" of the settlement agreement and that publication of the settlement agreement "will likely have adverse consequences, including but not limited to Defendants' operations and their competitiveness in the marketplace," in addition to "an increased likelihood that Defendants would be exposed to further litigation." (Dkt. 60, at 2). The parties also argue that there is a "public interest in confidentiality in that it encourages and facilitates settlement negotiations and voluntary resolution of disputes, thereby preserving the resources of the Court." (Dkt. 60, at 2). Lastly, the parties contend that the settlement agreement should be kept confidential to protect the FLSA Plaintiffs' "personal financial information." (Dkt. 60, at 2).

The Court finds that these grounds do not present the type of extraordinary reasons that courts accept as sufficient to seal the settlement agreement in its entirety. *Davis v. Capital One Home Loans, LLC*, 2020 WL 2573493, at *3 (N.D. Tex. May 20, 2020) (denying motion to seal FLSA settlement agreement where parties' argued that confidentiality was a material term that facilitated their settlement and protected the privacy interests of the parties, and public availability of settlement agreement might adversely affect Defendant by encouraging other lawsuits); *Parrish v. Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) ("[I]n the FLSA context the general judicial goal of facilitating settlements is countermanded by the presumption of openness."). As such, the Court finds that the reasons asserted in the parties' motion to seal are "more akin to '[a] business's general interest in keeping its legal proceedings private,' and is insufficient to overcome the presumption of public access." *Parrish v. Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) (denying motion to seal FLSA settlement agreement where parties' argued that publication of settlement agreement might influence Defendant's settlement negotiations in pending litigation).

In the alternative to sealing the settlement agreement, the parties request that the court redact the settlement amount from the public document. The Court will grant the parties' motion to seal on this basis and give the parties 7 days from the issuance of this order to submit a proposed redacted version of their settlement agreement. If the parties do not timely submit a redacted settlement agreement, their settlement agreement will be unsealed.

## B. Approval of Settlement Agreement

FLSA Plaintiffs filed this case to recover damages for violations of the FLSA's overtime wage provisions. (*See* Am. Compl., Dkt. 27, at 5). The Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements. *See Martin v. Spring Break '83Prods., L.L.C.,* 688 F.3d 247, 255 (5th Cir. 2012) ("[T]his court has no binding precedent that resolves whether parties may privately settle a FLSA claim involving a bona fide dispute over whether the plaintiffs worked on days for which they seek unpaid wages."). However, the Fifth Circuit has held a "private settlement of FLSA claims" to be binding when "the settlement gave employees 'everything to which they [were] entitled under the FLSA at the time the agreement [was] reached.'" *Id.* (quoting *Thomas v. Louisiana*, 524 F.2d 613, 615 (5th Cir. 1976)). In *Martin*, the settlements were enforceable as "a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which [the workers] would be paid for those hours." *Id.* at 256.

Given the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, the Court finds that its review and approval of the settlement is appropriate, if not mandatory. *See Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012)

(quoting *Liger v. New Orleans Hornets NBA Ltd., P'ship*, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009)).

Here, there clearly "exists a bona fide dispute" under the FLSA regarding "the amount of hours worked or compensation due." *Jones v. JGC Dallas LLC*, No. 3:11–CV–2743–O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014). In this case, FLSA Plaintiffs alleged that MV Transportation violated the FLSA's overtime provisions when it failed to pay FLSA Plaintiffs "an overtime compensation for all hours worked in excess of forty hours per week" and "maintain accurate employee pay records, including with the true number of hours worked per workweek" by FLSA Plainitffs. (Am. Compl., Dkt. 27, at 7). In its amended answer, MV Transportation specifically denied "that it committed any unlawful or wrongful acts, including any act that would violate the FLSA." (Am. Answer, Dkt. 30).

Furthermore, the parties' settlement agreement is "the result of arm's length negotiation by experienced and capable attorneys on both sides," (Dkt. 61, at 5), and provides FLSA Plaintiffs with "everything to which [they alleged they were] entitled under the FLSA at the time the agreement [was] reached." *Martin*, 688 F.3d at 255. The settlement provides FLSA Plaintiffs with "substantial [immediate] benefits" in the face of a case that would rely on "the presentation of uncertain records and conflicting testimony." (Dkt. 61, at 6). In addition, all counsel believe the settlement to be "fair, reasonable and adequate," and Miller himself has personally approved the settlement. (*Id.* at 7). The Court finds that the settlement agreement comports with *Martin* and is a fair result of good-faith negotiations between the parties. It is therefore binding and enforceable.

Furthermore, the attorney's fees provisions of the settlement are appropriate and align with the remedial purposes of the FLSA. The settlement agreement requires that Defendants pay about 40 percent of the total settlement amount to Moreland Verrett, PC for attorney's fees and costs. (Settlement Agreement, Dkt. 60-1, at 3). This percentage is in line with that courts have approved in

reviewing other FLSA settlements. *See, e.g.*, *Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018); *Matthews v. Priority Energy Servs.*, LLC, No. 6:15-cv-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018). The parties also note that their proposed attorney's fees are "significantly lower than the recoverable lodestar amount of attorney's fees incurred in this case." (Dkt. 61, at 7). The Court thus finds that the attorney's fees provision in the settlement agreement is fair and reasonable.

Given the foregoing, the Court finds that the settlement agreement is consistent with the FLSA's purposes of protecting workers "from substandard wages and excessive hours" and safeguarding their ability to obtain relief to which they may be entitled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the parties' Joint Motion for Approval of Settlement, (Dkt. 61), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Leave to File Confidential Settlement under Seal is **GRANTED IN PART** and the parties are **ORDERED** to submit a proposed redacted settlement agreement within 7 days on or before **November 10, 2020**.

**SIGNED** on November 3, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE